# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                                    CR No. 16-3076 JCH

OSCAR MORENO CORONADO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions filed by Defendant Oscar Moreno Coronado: (i) Defendant's Motion for Information pursuant to *Giglio v. United States* regarding Government Witness (ECF No. 108); (ii) Defendant's Motion for Production of Material pursuant to *Brady v. Maryland* and Early Jencks Act Material (ECF No. 113); (iii) Defendant's Motion in Limine #2 to Exclude Evidence of Effects of Drugs on Society (ECF No. 114); (iv) Defendant's Motion in Limine to Exclude Opinion Testimony by Government Witnesses on Ultimate Legal Issue (ECF No. 116); and (v) Defendant's Motion to Exclude Proposed Expert Testimony and/or in the Alternative for *Daubert* Hearings (ECF No. 134). The Court, having considered the motions, briefs, record, applicable law, and otherwise being fully advised, rules as described herein.

    **I.**    **Defendant's Motion for Information pursuant to *Giglio v. United States* regarding Government Witness (ECF No. 108)**

Defendant seeks *Giglio* information concerning the Government's anticipated witness, Joshua Talamantes. Impeachment evidence falls under *Brady* when the reliability of a given

witness may be determinative of a defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972). *Brady* obligates the prosecution to disclose "evidence affecting credibility." *Id.* The United States, however, stated that it "does not plan to call Joshua Talamantes in its case-in-chief." Gov.'s Resp., ECF No. 120. Defendant's motion for *Giglio* information regarding Talamantes will therefore be denied as moot.

### II. Defendant's Motion for Production of Material pursuant to *Brady v. Maryland* and Early Jencks Act Material (ECF No. 113)

Defendant moves for early disclosure of materials covered by the Jencks Act to expedite the proceedings and avoid recesses and continuances during trial. Defendant acknowledges, however, that "it is arguable that the plain language of the Jencks Act prevents the Court from ordering disclosure of a government witness's statements before that witness testifies on direct examination." Def.'s Mot. 2, ECF No. 113. Defendant also asks for early disclosure of *Brady* and *Giglio* material, particularly promises of leniency offered for testimony.

The Government asserts that there is no authority requiring the early production of Jencks Act statements, but nevertheless states it has already disclosed "several items that constitute Jencks Act material, to include the Grand Jury testimony and case notes of William Baker." Gov.'s Resp. 2, ECF No. 122. The Government acknowledges its duties under *Brady* and *Giglio* but asserts that Defendant failed to request specific evidence and describe its materiality to compel production generally.

The Supreme Court held in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." To establish a *Brady* violation, the accused must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3)

the evidence was material to the defense. *See Trammell v. McKune*, 485 F.3d 546, 551 (10th Cir. 2007). A defendant must make a prima facie showing of materiality before he is entitled to obtain requested discovery. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.*

The Jencks Act requires the government to disclose to criminal defendants any statement made by a government witness that is in the possession of the Government *after* that witness has testified. *See* 18 U.S.C. § 3500(a) & (b). As Defendant essentially admits, the Court cannot compel the production of Jencks Act statements prior to trial, so the Court must deny Defendant's request for early disclosure. Additionally, Defendant has not met his prima facie burden of showing the materiality of specific evidence to compel disclosure under *Brady*. Accordingly, the Court will deny this motion. The Court, however, encourages the United States to avoid trial delays and continuances that may occur from last-minute disclosures.

### III. Defendant's Motion in Limine #2 to Exclude Evidence of Effects of Drugs on Society (ECF No. 114)

Defendant requests an order excluding the introduction of evidence regarding the negative and harmful effects of drugs on society. The Government responds that it "does not anticipate eliciting testimony or presenting evidence about the broadly stated 'harmful effects of drugs on society.'" Gov.'s Resp., ECF No. 123. The Court will therefore deny Defendant's Motion in Limine #2 on grounds of mootness.

### IV. Defendant's Motion in Limine to Exclude Opinion Testimony by Government Witnesses on Ultimate Legal Issue (ECF No. 116)
### and
### Defendant's Motion to Exclude Proposed Expert Testimony and/or in the Alternative for Daubert Hearings (ECF No. 134)

Defendant moves to preclude the Government from introducing opinion testimony on the ultimate legal issue of knowing distribution, particularly testimony that, based on the agent's training and experience, the nature of the meeting between Talamantes and Moreno was consistent with a meeting of a source of supply giving methamphetamine to a drug seller. Defendant argues this testimony constitutes an opinion on the ultimate legal issue of whether Defendant distributed methamphetamine.

The Government argues that courts have long allowed experts to testify concerning practices of the drug trade and that the testimony at issue is proper, because it merely provides an opinion from which the jury could conclude or infer that Defendant had the requisite mental state. The United States, however, did not state exactly what the anticipated expert testimony would be on the subject.

Defendant filed a reply, raising for the first time issues of proper notice of proposed expert testimony under Rule 16(a)(1)(G) and *Daubert* issues. Defendant subsequently filed a separate motion to exclude and/or limit the expert testimony of Federal Drug Enforcement Administration Agent William Baker and Homeland Security Agent Joe Harrison. *See* Def.'s Mot. to Exclude, ECF No. 134. Defendant argues that the notice the Government provided was merely a brief summary and did not provide the basis for the opinions they would be expressing. *See id.* at 1-2. Defendant argues that the reasoning and methodology underlying their opinions is not relevant or reliable.

The Government filed an "Opposed Sur-Reply to Defendant's Motion in Limine to Exclude Opinion Testimony by Government Witness on Ultimate Legal Issue (Doc. 116)" (ECF No. 133). As the Government correctly noted, Defendant's reply raised new arguments and it

sought leave to file the sur-reply. The Court finds grounds for granting leave to file the sur-reply and has considered the Government's arguments and the exhibits contained therein.

As an initial matter, the Court will address the request for a *Daubert* hearing. As the Court's pretrial notice makes clear, *Daubert* challenges must be made prior to the dispositive motion deadline set forth in the Scheduling Order. Pretrial Notice, ECF No. 107-1. Defendant received notice on October 2, 2017; on October 16, 2017; and again on December 27, 2018, that the Government intends to put on expert testimony from Special Agents William Baker and Joe Harrison "among other things, as to whether the methamphetamine seized from the defendant was consistent with personal use or distribution." *See, e.g.,* Gov.'s Ex. A, ECF No. 133-1. The notice further stated: "Through their training and experience, they are familiar with: means and methods used by persons and drug trafficking organizations to purchase, manufacture, store, and distribute drugs; the manner in which drug traffickers discuss drug distribution; the quantities of drugs commonly possessed and consumed for personal use; and quantities of drugs and intended for distribution." *Id.* Despite having ample notice of the Government's intention to present expert testimony, Defendant filed his motion for a *Daubert* hearing well past the deadline. His motion thus could be denied on grounds of untimeliness alone.

Moreover, trial courts have equally broad discretion in both determining the reliability and admissibility of expert testimony and in deciding how to assess an expert's reliability, including what procedures to use in making that assessment. *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000). So long as the district court has enough evidence to perform its duty in assessing the relevance and reliability of an expert's proposed testimony, a hearing is not required. *See United States v. Call*, 129 F.3d 1402, 1405 (10th Cir. 1997). Like other preliminary questions of admissibility, *Daubert* challenges are subject to Federal Rule of Evidence 104, which provides

that courts must conduct a hearing outside the presence of a jury when justice so requires. *United States v. Nichols*, 169 F.3d 1255, 1263 (10th Cir. 1999) (quoting Fed. R. Evid. 104(c)). The decision whether to hold a pretrial hearing is reviewed for an abuse of discretion. *Id.*

Generally, testimony concerning the tools and modus operandi of the drug trade is relevant, is not within the common knowledge of the jury, is helpful to the jury, and does not offend the rule against rendering opinions on ultimate legal issues. *Cf. United States v. Garza*, 566 F.3d 1194, 1196 (10th Cir. 2009) (holding that use of firearms in drug trade is proper subject for expert testimony); *United States v. Wilson*, 276 F. App'x 859, at *1-2 (10th Cir. May 9, 2008) (finding no error in admission of law enforcement expert testimony that most drug operations are closed and secretive, it would be unusual for a person who was not otherwise involved in the operation to be present during the transaction, and drug enterprises are heavily cash based so outsiders would not typically be allowed to count and handle money); *United States v. Richard*, 969 F.2d 849, 855 (10th Cir. 1992) (holding that expert opinion that drug dealer will not invite others to participate in this type of transaction who are not aware of nature of transaction was not prohibited by Rule 704(b) because expert did not expressly draw conclusion of appellants' knowledge); *United States v. McDonald*, 933 F.2d 1519, 1521-23 (10th Cir. 1991) (holding that district court did not abuse its discretion in allowing expert testimony about significance of quantity of cocaine, packaging of cocaine, and other common items of drug trade because jury could not be expected to understand this evidence without specialized knowledge). The evidence relevant to the agents' training and experience is not prejudicial to Defendant. The Court can take up objections to specific questions and specific expert testimony at bench conferences at trial. The United States should not elicit any opinion testimony from its agents until Defendant has an opportunity to make objections and the

Court finally determines, on the basis of the record as it then exists at trial, whether the particular evidence is admissible.

Accordingly, the Court will deny Defendant's request for a separate pretrial *Daubert* hearing and will reserve ruling on the admissibility of the expert opinion testimony of Agents Baker and Harrison.

**IT IS THEREFORE ORDERED** that

1. Defendant's Motion for Information pursuant to *Giglio v. United States* regarding Government Witness (**ECF No. 108**) is **DENIED AS MOOT**.

2. Defendant's Motion for Production of Material pursuant to *Brady v. Maryland* and Early Jencks Act Material (**ECF No. 113**) is **DENIED**.

3. Defendant's Motion in Limine #2 to Exclude Evidence of Effects of Drugs on Society (**ECF No. 114**) is **DENIED AS MOOT**.

4. The Court will **RESERVE RULING** until trial on Defendant's Motion in Limine to Exclude Opinion Testimony by Government Witnesses on Ultimate Legal Issue (**ECF No. 116**).

5. Defendant's Motion to Exclude Proposed Expert Testimony and/or in the Alternative for *Daubert* Hearings (**ECF No. 134**) is **DENIED** as to its request for a pretrial *Daubert* hearing. The Court will **RESERVE RULING** until trial as to the admissibility of expert testimony of Agents Baker and Harrison.

_____
**UNITED STATES DISTRICT JUDGE**