# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.      CR No. 16-3076 JCH

OSCAR MORENO CORONADO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Oscar Moreno-Coronado's Motion to Dismiss the Indictment for Violation of his Right to a Speedy Trial pursuant to the Speedy Trial Act and the Sixth Amendment (ECF No. 150). The Court held a hearing on the motion on January 17, 2019. Later that day, Defendant filed a Notice of Withdrawal of Motion to Dismiss pursuant to the Speedy Trial Act, ECF No. 171, which stated that he:

> hereby withdraws his Motion to Dismiss Indictment Pursuant to the Speedy Trial Act but continues to preserve his motion to dismiss pursuant to the Sixth Amendment right to a speedy trial. Mr. Moreno waives his arguments pursuant to the Speedy Trial Act as dismissal without prejudice as the Court advised it was inclined to grant, pursuant to the Act, would only result in further delay as the government intends to refile the indictment. Mr. Moreno continues to assert his right to a speedy trial pursuant to the foregoing indictment.

In light of Defendant's withdrawal of his request to dismiss the indictment under the Speedy Trial Act and his waiver of his arguments under the Act, the Court finds Defendant has waived and forfeited his rights under the Speedy Trial Act, and this Court will no longer consider those arguments. The Court herein will only consider Defendant's arguments that his Speedy Trial rights under the Sixth Amendment have been violated. The Court, having considered the non-

withdrawn portions of Defendant's motion, briefs, evidence, applicable law, and otherwise being fully advised, concludes that no Sixth Amendment violation has occurred. Defendant's motion to dismiss the indictment is therefore denied.

**PROCEDURAL BACKGROUND**

Law enforcement arrested Defendant Moreno Coronado on June 28, 2016. He has been detained in custody since that time. *See* Order of Detention dated June 30, 2016, ECF No. 11. The Court appointed counsel L. Val Whitley for Defendant on June 29, 2016. Order, ECF No. 9. On July 12, 2016, a grand jury returned an indictment against Defendant and co-defendant Joshua Talamantes for conspiracy to distribute methamphetamine (meth) and distribution of meth. Indictment, ECF No. 17. He was arraigned on July 19, 2016. *See* Clerk's Minutes, ECF No. 20. On July 27, 2016, the Government disclosed 105 pages of discovery. Gov.'s Resp. ¶ 5, ECF No. 154.

The Court set trial for September 12, 2016. Counsel L. Val Whitley on August 19, 2016, moved to continue the trial because he needed additional time to review discovery and meet with the Government. *See* Mot. to Continue 1, ECF No. 23. Although he noted that the case is not very complex, he wanted to review admissibility of co-defendant statements and explore severance and asked for a continuance. *See id.* He noted Defendant agreed with the motion to continue. *Id.* Counsel Whitley filed four more continuances on behalf of Defendant, requesting more time to investigate, prepare for trial, and negotiate with the Government. *See* Second Am. Mot. to Cont. 1-2, ECF No. 43; Joint Mot. to Continue, 1-3, ECF No. 55; Joint Mot. to Continue 1-2, ECF No. 57; Defs.' Joint Mot. to Continue 1-3, ECF No. 60.

On June 15, 2017, Defendant filed a motion to suppress evidence (ECF No. 62). The Court set a motion hearing for August 1, 2017. The Court continued the July 17, 2017 trial until August

21, 2017. Notice, ECF No. 67. On August 1, 2017, Defendants jointly moved to continue trial for two months because of the pending motion to suppress, and Talamantes had been indicted in another case and his counsel required more time to assess both cases and explore plea negotiations. Defs.' Mot. to Continue 1-2, ECF No. 72. On August 8, 2017, the Court granted a continuance. Order, ECF No. 77.

On August 8, 2017, the Court entered its Memorandum Opinion and Order (ECF No. 78) denying the motion to suppress. On October 4, 2017, Counsel Whitley filed a motion to withdraw as counsel because of a "serious conflict" that had arisen. Def.'s Mot., ECF No. 80. On October 11, 2017, the Court granted a motion to transfer charges against Talamantes to the Western District of Texas where his other charges were pending. Order, ECF No. 84. On October 12, 2017, the Court held a hearing on Mr. Whitley's motion to withdraw. Clerk's Minutes, ECF No. 86. Defendant waived his right to a speedy trial at the hearing, and the Court granted the motion to withdraw. *Id.*

On October 16, 2017, the Court appointed Counsel Robert Cooper for Defendant. On October 17, 2017, Counsel Cooper filed a motion to continue trial for 60 days, so counsel would have time to review the discovery and court filings, meet with Defendant, carry out investigations, conduct legal research, prepare and file motions, engage in plea negotiations and, should said negotiations fail, prepare for trial. Def.'s Mot. 1-2, ECF No. 91. The motion stated: "Defendants waive any speedy trial claim, including constitutional or statute based, related to this Motion to Continue." *Id.* at 2. The Court granted a continuance. *See* Order, ECF No. 92.

Counsel Cooper filed another motion to continue trial for 60 days to give him enough time to review discovery, meet with Defendant, carry out investigations, conduct legal research, prepare and file motions, engage in plea negotiations and, should said negotiations fail, prepare for trial.

3

Def.'s Mot. 1-2, ECF No. 93. Counsel Cooper noted he was assigned to another criminal case, *US v. DeLeon*, 15cr4268, in which multiple motions hearings were set from late November through December, leaving him little time to prepare his other cases. *Id.* at 2. The motion repeated: "Defendants waive any speedy trial claim, including constitutional or statute based, related to this Motion to Continue." *Id.* at 2. Counsel Cooper filed three more motions to continue for the same reasons of needing to investigate, conduct research, prepare motions, and get ready for trial, again explaining that the multi-defendant *DeLeon* case he had been assigned involved more than 80,000 pages of discovery, more than 600 witnesses, and 17,500 hours of audio and video recordings, would begin an eight-week trial on April 9, 2018, with one to two-week motions hearings starting March 12, 2018. *See* Def.'s Mot. to Continue 1, ECF No. 95; Def.'s Mot. to Continue 1-3, ECF No. 97; Def.'s Mot. to Continue 1, ECF No. 99.

Around July 19, 2018, the Government received copies of the "phone dumps" for Defendant, Talamantes, and Candyce Walker, as well as several pages of notes from the DEA, and the Government notified defense counsel that the information was forthcoming. Gov.'s Resp. ¶ 22, ECF No. 154. On July 27, 2018, Defendant moved to continue trial until the October docket because the "Government has informed undersigned counsel that additional discovery will be produced in this matter. Counsel will need time to review discovery in addition to preparing for trial." Def.'s Mot. to Continue 1-2, ECF No. 101. Defendant again waived his speedy trial rights. *Id.* at 2. The Court granted the motion. Order 1, ECF No. 102.

On August 3, 2018, the Government disclosed several pages of investigative notes and approximately 110 files of phone data from Defendant's phone to Defendant. Gov.'s Resp. ¶ 24, ECF No. 154. On September 27, 2018, Defendant filed a motion to substitute retained Counsel Erlinda Johnson for Counsel Cooper, Def.'s Mot., ECF No. 103, which the Court granted, ECF

4

No. 105. Counsel Johnson filed a motion to continue the trial until the January 2019 docket on the grounds that she was awaiting discovery in the case and needed time to review the evidence, prepare any pretrial motions, negotiate a resolution, and prepare for trial. Def.'s Mot. to Continue 2-4, ECF No. 106. The Court granted the motion. Order, ECF No. 107.

On December 23, 2018, Defendant sent the Government a supplemental request for discovery that included the "phone dump" of Talamantes's phone. Gov.'s Resp. ¶ 6, ECF No. 147. Following the holiday, and after dealing with technical issues with their file sharing software, on January 7, 2019, Defendant received access to discovery, but the Government in error had not included the requested phone dump of Talamantes's phone. *See id.* ¶¶ 8-13. On January 11, 2019, the Government produced the Talamantes material at 11:02 a.m. *Id.* ¶ 15. Later, on January 11, 2019, Defendant filed a Motion to Dismiss the Indictment for Violation of *Brady v. Maryland* (ECF No. 144). In the motion, Defendant requested an evidentiary hearing and argued that the records contain material, exculpatory information in the form of drug related contact between Talamantes and "Koala" on the day of the incident in question, indicating that someone else supplied the drugs to Talamantes. Def.'s Mot. to Dismiss at 1-2, ECF No. 144. Defendant asserted: "This late disclosure has essentially denied Mr. Moreno the right to Due process and to make use of exculpatory evidence. The Government's belated disclosure has severely prejudiced Mr. Moreno thereby depriving him of a fair trial." *Id.* at 2-3. Defendant further explained the late disclosure prevented him from preparing cross examination of the Government witnesses, from obtaining via subpoena the phone numbers and records for Koala and Talamantes to show their contacts and the lack of contact with Defendant, and from fully preparing to use the data in cross examination of the agents. *Id.* at 9. In a response filed the same day at 3:58 p.m., the Government

argued the material is not *Brady*, and alternatively asserted that the proper remedy is a continuance, not dismissal. Gov.'s Resp. 5, ECF No. 147.

At 5:21 p.m. on Friday, January 11, 2019, the Court vacated the jury trial scheduled to begin on Monday, January 14, 2019, at 9:00 a.m. and scheduled a hearing on the motion to dismiss for *Brady* violation at 9:30 a.m. At 5:28 p.m. on January 11, 2019, Defendant filed a reply in support of his motion to dismiss for *Brady* violation. Therein, Defendant argued: "Dismissal is the only remedy for this violation. A continuance is not viable as Mr. Coronado has been in pretrial custody for over 30 months and any further delay would result in a violation of his right to a Speedy trial." Def.'s Reply 6, ECF No. 149.

On January 12, 2019, Defendant filed this motion to dismiss for violation of the Speedy Trial Act and Sixth Amendment (ECF No. 150). Defendant contends that the Court *sua sponte* continued trial without giving Defendant an opportunity to state his opinion on a continuance, which he objects to and argues infringes his right to a speedy trial. Defendant requests dismissal of the indictment with prejudice because of the violation of his Sixth Amendment right to a speedy trial.

This Court held a hearing on Defendant's motion to dismiss for violation of *Brady* during the morning of January 14, 2019. *See* Hr'g Tr., ECF No. 156. During the hearing, the Court heard arguments and was given new exhibits by the parties. *See id.* The Court took the *Brady* motion under advisement. *See id.* 56:16-17, 59:1-4. At the hearing, the Court stated that if it denied the motion to dismiss the indictment based on a *Brady* violation, trial would proceed on the following Tuesday, January 22, 2019. *See id.* 58:21-23. On Tuesday, January 15, 2019, the Court entered a Memorandum Opinion and Order denying the motion to dismiss the indictment under *Brady*.

After briefing on the speedy trial motion was complete, the Court held a hearing on the

motion on January 17, 2019. At the hearing, after considering the arguments of the parties, the Court stated it was concerned about Defendant's arguments concerning the Speedy Trial Act and inclined to dismiss the indictment without prejudice. The Court, however, said it would take the matter under advisement and issue a written opinion later that day or the next. Subsequently, Defendant filed the Notice of Withdrawal of Motion to Dismiss pursuant to the Speedy Trial Act (ECF No. 171), stating he withdraws his motion to dismiss based on the Speedy Trial Act arguments and was only moving to dismiss the indictment under the Sixth Amendment.

**LEGAL ANALYSIS**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. The remedy for a Sixth Amendment speedy trial violation is dismissal of the case with prejudice. *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). In determining whether a defendant has been deprived of his constitutional right to a speedy trial under the Sixth Amendment, the Court should consider and balance the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Of these factors, the length of the delay is the threshold consideration. *Id.* Only if the delay is "presumptively prejudicial" will the court need to consider the remaining factors. *United States v. Hill*, 197 F.3d 436, 443-44 (10th Cir. 1999) (citation omitted). The Tenth Circuit has recognized that delays of over one year generally satisfy the requirement of presumptive prejudice. *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010) (citing *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006)). In this case, the delay is over a year, and presumptively prejudicial so the Court will consider the other factors.

"Delays attributable to the defendant do not weigh against the government." *United States*

*v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006). For example, the government will not be held accountable for delays resulting from continuances or motions filed by the defendant. *See, e.g., Batie*, 433 F.3d at 1291 ("[C]ontinuances and other motions filed by the defendant do not weigh against the government."); *United States v. Banks*, 761 F.3d 1163, 1183 (10th Cir. 2014) (finding the defendants caused the delay where they filed "multiple continuances with the district court and argued that they would be prejudiced if the court refused to grant them additional time to prepare"); *United States v. Larson*, 627 F.3d 1198, 1209–10 (10th Cir. 2010) (finding delay attributed to defendant where he requested six continuances). The reasons for the continuances here are attributable to the motions to continue filed by Defendant's three consecutive defense attorneys to prepare for trial and conduct plea negotiations. Defendant argues that the continuance of the January 14, 2019 trial is the Government's fault and compels dismissal with prejudice. Even if the Court determined that the Government caused the January 14, 2019 delay, the vast majority of delay leading to that point was because of multiple continuances filed by three different defense attorneys. This factor weighs heavily against Defendant. *Cf. Toombs*, 574 F.3d at 1274 ("Because Toombs's actions were the primary cause of the delay, this factor weighs heavily against Toombs.").

As for the third factor, Defendant's obligation "is not satisfied merely by moving to dismiss after the delay has already occurred." *Batie*, 433 F.3d at 1291. "The question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." *Id.* While a defendant does not inherently waive his speedy trial right by failing to demand a speedy trial, the Tenth Circuit has emphasized that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Gould*, 672 F.3d at 938 (quoting *Barker*, 407 U.S. at 532). "Thus, if the defendant fails to demand a speedy trial, moves for many

continuances, or otherwise indicates that he is not pursuing a swift resolution of his case, this factor weighs heavily against the defendant." *Id. See also United States v. Black*, 830 F.3d 1099, 1120 (10th Cir. 2016) ("The third *Barker* factor weighs against a defendant who weakly asserts his speedy-trial right long after he could have, but the factor weighs in favor of a defendant who early, frequently, and forcefully asserts his right."). Here, Defendant repeatedly waived his right to a speedy trial, that is, until January 11, 2019. *See* Def.'s Reply 6, ECF No. 149. The third factor thus weighs heavily against finding a constitutional violation.

Finally, unless there is evidence of extreme delay, not present here, the defendant has the burden of showing prejudice. *See Black*, 830 F.3d at 1121-22; *Toombs*, 574 F.3d at 1275 (holding that 22-month delay does not constitute extreme delay and citing *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir.2003), for statement, "Indeed, this Court and others generally have found presumed prejudice only in cases in which the post-indictment delay lasted at least five years.")). Prejudice is assessed "in light of the interests that the speedy trial right was designed to protect." *Seltzer*, 595 F.3d at 1179. These interests include: (i) prevention of oppressive pretrial incarceration; (ii) minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be hindered or impaired. *Id.* at 1179. "The most important of these interests is the impairment or hindrance of the defense." *Toombs*, 574 F.3d at 1275. Oppressive pretrial incarceration is the next most important factor. *Jackson v. Ray*, 390 F.3d 1254, 1264 (10th Cir. 2004).

Defendant has been detained pending trial for approximately 30 months, weighing in his favor. Defendant, however, has not shown evidence of the second interest. As to the most important consideration – impairment of a defense – Defendant argued at the hearing that the delay may have prevented defense counsel from obtaining Talamantes's telephone records from the

9

telephone provider. Furthermore, in his reply, Defendant argued that he was prejudiced because he could have introduced the favorable evidence in the telephone records through cross-examination of Agent William Baker, but Agent Baker is not available for the trial re-scheduled for next week. At this stage, however, it is not known whether the telephone provider will be able to provide Defendant with the records. Moreover, the relevant portions of Talamantes's telephone records that Defendant seeks to use have been disclosed in discovery. Consequently, Defendant has not demonstrated that, even if the telephone provider no longer has the records and Agent Baker does not testify for the Government, that Defendant would not have other means or methods to get the relevant evidence in front of the jury at trial. Accordingly, Defendant has not shown that the continuances have negatively affected defense counsel's ability to present evidence in his defense.

Balancing the above factors, the Court finds that Defendant's Sixth Amendment speedy trial rights have not been violated.

**IT IS THEREFORE ORDERED** that Defendant Oscar Moreno-Coronado's Motion to Dismiss the Indictment for Violation of his Right to a Speedy Trial pursuant to the Speedy Trial Act and the Sixth Amendment (**ECF No. 150**) is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**