# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                          CR No. 16-3076 JCH

OSCAR MORENO CORONADO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Oscar Moreno-Coronado's Amended Notice of Introduction of Reverse Rule 404(b) Evidence (ECF No. 118). Defendant seeks the admission of evidence of the criminal history of Defendant's alleged co-conspirator, Joshua Talamantes. The Government opposes the introduction of this evidence. The Court, having considered the motion, briefs, evidence, applicable law, and otherwise being fully advised, will not permit introduction of the proffered reverse Rule 404(b) evidence regarding Talamantes's criminal history, because Defendant has not met his burden to show that the evidence would be relevant to Defendant's case by tending to negate his guilt.

    **I.**    **FACTUAL BACKGROUND**

Relevant background facts concerning what evidence the Government intends to produce at trial are set forth in this Court's Memorandum Opinion and Order (ECF No. 78), so the Court incorporates the evidence by reference. Joshua Talamantes has a lengthy criminal history, including convictions in 2011 for making false statements in the records of a federal credit union

and in 2017 for conspiracy to possess with the intent to distribute 5 kilograms and more of cocaine. In addition to the charges brought against him in this case in 2016 for conspiracy to distribute methamphetamine (meth) and distribution of meth, he was charged in 2015 with money laundering, unlawful use of a criminal instrument, and possession of dangerous drugs and he was charged in 2017 with conspiracy to possess with the intent to distribute marijuana and possession with the intent to distribute marijuana.

## II. STANDARDS FOR ADMISSIBILITY OF OTHER ACTS EVIDENCE

Evidence of other crimes or bad acts may not be offered to prove bad character or conformity with prior bad acts. Fed. R. Evid. 404(b)(1). Evidence of other crimes, however, may be offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

A court must consider four requirements for admission of evidence under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the evidence's probative value must not be substantially outweighed by its unfairly prejudicial effect; and (4) the trial court must give jury instructions on the proper purpose of the evidence if requested. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir. 1993). The party seeking its admission "must precisely articulate the purpose for which the evidence is offered, and the trial court must specifically identify the purpose for which it is admitted." *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996). To establish relevance, the moving party must demonstrate "a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988) (quoting *United States v. Biswell*, 700 F.2d 1310, 1317-18 (10th Cir. 1983). The prior act and charged offense must be similar. *United States v. Brooks*, 736 F.3d 921, 940

(10th Cir. 2013). Although the government typically uses Rule 404(b), a defendant may use Rule 404(b), known as "reverse 404(b) evidence," for "defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him." *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005) (quoting *Agushi v. Duerr*, 196 F.3d 754, 760 (7th Cir. 1999)).

A court should consider the following factors when assessing similarity: (1) whether the acts occur close in time; (2) geographical proximity; (3) whether the charged offense and other bad acts share similar physical elements; (4) whether the charged offense and other acts are part of a common scheme. *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011). For reverse 404(b) evidence, a lower standard of similarity between crimes should govern because prejudice to the defendant is not a factor. *See Montelongo*, 420 F.3d at 1174-75 (quoting *United States v. Stevens*, 935 F.2d 1380, 1404 (3d Cir. 1991)).

Rule 403 also permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. ANALYSIS

Defendant argues the evidence of Talamantes's criminal history is relevant to show absence of mistake, intent and motive to distribute meth, by himself on June 28, 2016, and that it was Talamantes who engaged in distribution of meth and not Defendant. Defendant asserts that the evidence is especially important because the Government has chosen not to call Talamantes to testify and the charges against him in this case "have vanished." Def.'s Mot. 4-5, ECF No. 118.

In response, the Government notes that the charges did not "vanish"; rather, Talamantes's case was transferred to the Western District of Texas where he pleaded guilty to the charge of

possession with the intent to distribute 500 grams and more of meth and aiding and abetting relating to the current incident. *See* Gov.'s Resp. 2 n.1, ECF No. 138. The Government stipulates and agrees to the admission of evidence regarding the current case and the fact of Talamantes's guilt. *Id.* at 5. The Government additionally stipulates "that Talamantes did not distribute the methamphetamine by mistake, that he possessed the motive to distribute the methamphetamine, that he intended to distribute the methamphetamine, and that he did engage in the distribution of methamphetamine, as alleged by the defendant in his Notice." *Id.* As for reverse 404(b) evidence for other crimes, the Government argues that they should be excluded for lack of probative value, likelihood of confusion, and waste of time. Additionally, regarding the 2017 indictments against Talamantes, the Government asserts that they involved a broader conspiracy involving Talamantes and 18 other co-defendants, so the evidence does not support Defendant's argument that Talamantes distributes drugs by himself.

Although reverse Rule 404(b) evidence faces a relaxed standard for admissibility, Defendant has not met his burden of showing the probative value of the evidence regarding Talamantes's involvement in other drug crimes. The fact that Talamantes has an extensive criminal history and was involved in other drug distribution schemes does not tend to negate Defendant's guilt in this case. The Government intends to introduce evidence showing Talamantes's involvement in the crime and that he had the bag of meth in his possession when arrested. Defendant is charged as an aider and abettor, which requires as an element helping another person commit a crime.

As for the 2011 crime for making false statements in the records of a federal credit union, the Government wishes to present coconspirator statements of Talamantes suggesting he was waiting on his "boy" before he could deliver the drugs to the undercover agent. Were those

statements admitted, Talamantes's conviction for making a false statement could be probative as to whether Talamantes was lying when suggesting he was waiting for his source of supply. The Court, however, at the January 14, 2019 hearing stated that its prior ruling permitting admission of the coconspirators is in doubt, and that based on the current record, the Court will not permit introduction of the coconspirator statements. At this stage, therefore, Defendant has not met his burden of showing the probative value of the evidence of Talamantes's 2011 conviction for the crime for making false statements.

**IT IS THEREFORE ORDERED** that Defendant Oscar Moreno-Coronado's request to introduce evidence of Talamantes's criminal history in his Amended Notice of Introduction of Reverse Rule 404(b) Evidence **(ECF No. 118)** is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**

.